# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARK HARRISON PERKINS,
#43565,

    *Plaintiff,*

vs.

ANTHONY DAMEO, *et al.*

    *Defendants.*

2:12-cv-01845-GMN-VCF

ORDER

This prisoner civil rights action by a detainee at the Nye County Detention Center comes before the Court on plaintiff's application to proceed *in forma pauperis* (#1) and for initial review under 28 U.S.C. § 1915A.

The pauper application technically is deficient because the financial certificate was not properly completed by an authorized institutional officer. A deputy listed the current account balance in one of the four blanks on the certificate and signed the certificate. However, two of the three remaining blanks on the certificate were filled in by an apparently different pen and hand with amounts that were questionable on their face. The final blank where the filing fee is calculated also was left blank. The financial certificate instead must be completely filled out – with the information required for all four blanks on the certificate – by an authorized institutional officer, usually an employee of the institution's accounting department.

The Court, however, will disregard this technical deficiency in this case. Plaintiff alleges that he has been denied prompt and adequate medical evaluation and treatment for a number of conditions, including, *inter alia*, headaches and blurred vision following an

1 alleged use of force by law enforcement officers as well as psychological care.  He alleges
2 that a physician recommended a CT scan and examination by an opthamologist.  He further
3 alleges that a crisis counselor has recommended a psychiatric consult.  In view of potential
4 complications that possibly could result in the absence of prompt and adequate examination,
5 diagnosis and treatment, if thereafter necessary, with respect to such conditions, the Court
6 will disregard the technical deficiency in the pauper application.

7      The inmate account statement submitted with the pauper application otherwise reflects
8 that plaintiff did not have sufficient funds when the application was filed to pay a substantial
9 initial partial filing fee.  The Court therefore will grant the pauper application, subject to the
10 remaining provisions herein.

11      Turning to initial review, the complaint adequately states a claim under the Fourteenth
12 Amendment for deliberate indifference to serious medical needs of a pretrial detainee,
13 including alleged acts and omissions by each named defendant pursuant to official custom,
14 practice or policy.  Accordingly, the Court finds that the complaint should be filed and served.

15      IT THEREFORE IS ORDERED that plaintiff's application (#1) to proceed *in forma*
16 *pauperis* is GRANTED.  Plaintiff shall not be required to pay an initial partial filing fee.
17 However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28
18 U.S.C. § 1915(b)(2).

19      IT FURTHER IS ORDERED that plaintiff is permitted to maintain this action to
20 conclusion without the necessity of prepayment of any additional fees or costs or the giving
21 of security therefor.  This order granting *forma pauperis* status shall not extend to the
22 issuance of subpoenas at government expense.

23      IT FURTHER IS ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Nye County
24 Detention Center shall pay to the Clerk of the United States District Court, District of Nevada,
25 20% of the preceding month's deposits to the prisoner's account (in months that the account
26 exceeds $10.00) until the full three hundred fifty dollar ($350.00) filing fee has been paid for
27 this action. If plaintiff should be transferred and become under the care of the Nevada
28 Department of Corrections, the Nye County Detention Center Accounting Supervisor is

directedto send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702, indicating the amount that plaintiff has paid toward his filing fee, so that funds may continue to be deducted from plaintiff's account.  The Clerk of Court shall SEND a copy of this order to the Finance Division of the Clerk's Office.  The Clerk shall SEND a copy of this order to the **Nye County Detention Center Accounting Supervisor, P. O. Box 831, Tonopah, Nevada 89049.**

IT FURTHER IS ORDERED that the Clerk shall FILE the complaint, issue summons to the named defendants herein, and deliver same, along with sufficient copies of the complaint, to the Marshal for service. The Clerk further shall SEND plaintiff a sufficient number of USM-285 forms along with one copy of the papers submitted in this action. Plaintiff shall have twenty (20) days in which to furnish to the Marshal the required USM-285 forms.  Within twenty (20) days after receiving from the  Marshal a copy of the USM-285 form showing whether service has been accomplished, plaintiff must file a notice with the Court identifying which defendants were served and which were not served, if any.  If plaintiff wishes to have service again attempted on an unserved defendant(s), then a motion must be filed with the Court identifying the unserved defendant(s) and specifying a more detailed name and/or address for said defendant(s), or whether some other manner of service should be attempted.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, plaintiff must complete service within 120 days from entry of this order.

IT IS FURTHER ORDERED that henceforth, plaintiff shall serve upon defendants or, if an appearance has been entered by counsel, upon their counsel, a copy of every pleading, motion or other paper submitted for consideration by the Court and shall include a certificate of such service with each paper submitted to the Court.

DATED:  December 10, 2012.

_____
Gloria M. Navarro
United States District Judge